# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00116-CV

**Steve Key; Pat Curry; PJC Properties, L.L.C.; and
PJC Central Texas Freight Lines, L.L.C., Appellants**

**v.**

**Daniel R. Richards, as Receiver for Centex Freight Lines, L.L.C. and
Prudence Adams, Appellees**

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-12-000159, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## C O N C U R R I N G   O P I N I O N

I join the Court's judgment, although I respectfully differ in my reasoning, chiefly in regard to the judgment award of money damages against Curry and Key individually. I cannot agree with the Court that Curry or Key's personal monetary liability can rest upon a theory of direct tort liability—indeed, not even appellees have advocated that we can affirm on such a theory. Instead, as appellees have recognized, Curry and Key's individual monetary liability must rest upon the "veil-piercing" theories that were submitted in Question 2, 3, or 4 of the jury charge. As to those bases for individual liability, I would hold there was no reversible error. But in doing so, I would emphasize that appellants did not preserve below, and thus we are not called upon to address, the broadest challenge they now advance on appeal against the jury's veil-piercing findings—that Texas law simply does not allow the piercing of an LLC's veil as one can with a business corporation, or at least does not allow it to the same extent. This is potentially a more vexing question than one

might assume initially because of the curious phrasing of section 101.002 of the Business Organizations Code, which applies to LLCs the statutory provisions governing veil-piercing of business corporations, but with the preceding qualifier, "Subject to Section 101.114," a reference to the general statutory limitations on the liability of LLC members.[1]  Nor did we resolve this question in *Shook*[2] with respect to either section 101.002 (which took effect after the trial in that case)[3] or the prior law—there, as here, the defendant had conceded below the general proposition that Texas LLC veils can be pierced in some circumstances and preserved only arguments regarding the elements that one would have to prove if that were so.[4]  Absent more definitive guidance from the Legislature or Texas Supreme Court, that is a question for another day.

---

[1] *See* Tex. Bus. Orgs. Code § 101.002 ("*Subject to Section 101.114*, Sections 21.223, 21.224, 21.225, and 21.226 [i.e., the statutory veil-piercing standards applicable to business corporations] apply to a limited liability company and the company's members, owners, assignees, affiliates, and subscribers.") (emphasis added); *id*. § 101.114 ("Except as and to the extent the [LLC] company agreement specifically provides otherwise, a member or manager is not liable for a debt, obligation, or liability of a limited liability company, including a debt, obligation, or liability under a judgment, decree, or order of a court.").

[2] *Shook v. Walden*, 368 S.W.3d 604 (Tex. App.—Austin 2012, pet. denied).

[3] *See id*. at. 607 n.1.

[4] *See id*. at 607 ("Specifically, we must determine whether, *assuming these* ['equitable "veil-piercing" principles that have evolved in regard to business corporations'] can be applied to LLCs, a claimant seeking to 'pierce' an LLC's 'veil' with respect to the entity's contractual liabilities must prove—as has long been required by statute when piercing the veil of a business corporation—that the person against whom liability is sought to be imposed used the LLC to perpetrate actual fraud for the person's direct personal benefit.") (emphasis added); *id*. at 611 ("Shook asserts that neither of these [veil-piercing] findings was legally sufficient to support the judgment because the Waldens were required also to prove, and failed to prove, that he had used [the LLC] to perpetrate actual fraud upon the Waldens for his 'direct personal benefit' before the district court could validly pierce [the LLC's] veil and impose the entity's contractual obligations on him individually."); *id*. at 614 ("Shook *has not disputed* that, as a general proposition, the veil of an LLC, like that of a corporation, may be pierced in some circumstances," but argued that "it follows . . . that the same standards, restrictions, and limitations govern the availability and application of the veil-piercing remedy against both types of entities.") (emphases added).

With these caveats, I join in the Court's judgment.


_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Bourland

Filed:  January 13, 2016